William B. WOOTEN, d/b/a Wooten Plumbing & Heating Company, Plaintiff in Error,

v.

MOTOROLA COMMUNICATIONS & ELECTRONICS, INC., Defendant in Error.

No. 43237.

Supreme Court of Oklahoma.

Sept. 21, 1971.

Richard E. Romang, Enid, for plaintiff in error.

McKeever, Glasser, McKeever & Conrad, by Frantz C. Conrad, Jr., Enid, for defendant in error.

LAVENDER, Justice.

This appeal is from an order sustaining a demurrer to the evidence offered by appellant in the trial court in support of a cross-petition against appellee. Appellant, who shall hereafter be called "Wooten," entered into a written contract to purchase two-way electronic communication equipment from appellee, Motorola Communications and Electronics, Inc., hereafter called "Motorola." Wooten was engaged in the plumbing business and had a number of men working for him, all of whom drove trucks. Wooten stated in this proceeding that his purpose in purchasing the communication equipment was so that he could keep in contact with his various employees and they with him.

At about the same time Wooten purchased the equipment, he also entered into a separate agreement with a Mr. Teitzel of Enid by which the latter, for a flat monthly charge, agreed to service and maintain the equipment. Teitzel also was used (apparently by Motorola) to install the equipment in Wooten's trucks and office.

After the equipment was purchased and installed, Wooten said it did not work to his satisfaction or in the manner in which it was supposed to work according to certain representations which he said were made to him by Motorola's salesman.

Each time the equipment needed work Wooten called Teitzel. Wooten continued making monthly payments on the purchase contract.

The purchase contract was sold to a credit company and Wooten continued making his payments on the contract to that concern.

This situation (with the equipment not operating, according to Wooten, to his satisfaction and with Teitzel making repairs and adjustments on it) continued for several months.

Wooten said he finally became "fed up" and discontinued using the equipment. He also stopped making payments to the finance company. There was no evidence that he notified Motorola at that time, or in fact at any time, that he had decided the equipment would not be satisfactory and that he wished to be relieved of his obligation to purchase it. After several weeks of default in making payments by Wooten, the finance company picked up the equipment.

In his cross-petition against Motorola, Wooten asked for the return of the money he had paid on the contract plus judgment over against Motorola for the amount of the judgment in favor of the finance company and against Wooten which judgment by that time had already been entered.

We do not have before us the service contract which Wooten says he entered into with Teitzel. We have—and the trial court had—only the contract of purchase signed by Wooten and Motorola. It did not provide that Motorola was to maintain the equipment.

At the close of the plaintiff's evidence, Motorola demurred thereto and the demurrer was sustained. The trial court's comments in the record are to the effect that the evidence was not in dispute and that it showed that Mr. Wooten did not at any time attempt to rescind the contract with Motorola and that Wooten, after he purchased the equipment, never had any further communications with the seller, Motorola. The trial court stated that the only complaint Wooten ever made about the equipment was to "some independent service man named Teitzel."

In the brief filed here, Wooten argues that Teitzel was Motorola's "local employee and representative" and that Motorola paid Teitzel to service the equipment. There was no evidence to support either of these assertions. On the contrary, Wooten repeatedly testified that he had a separate service contract, which he could cancel at

any time, with Teitzel. Wooten was not sure whether Teitzel's contract charge of $42.00 or $44.00 a month was paid (by Wooten) directly to Teitzel or to Motorola.

 After reviewing the record, we agree with the trial court that there simply was no evidence from which it could be inferred that Teitzel was anything other than a local service man for communications equipment constructed by Motorola.

But even if Teitzel was the agent for Motorola, we notice there was no evidence that Wooten *notified Teitzel* that he wished to rescind his acceptance of the equipment because it was not satisfactory or not as warranted impliedly or expressly.

Title 12A O.S.1961, § 2–607 provides in pertinent part:

"Effect of Acceptance; Notice of Breach; Burden of Establishing Breach After Acceptance; * * *

(1) The buyer must pay at the contract rate for any goods accepted.

(2) Acceptance of goods by the buyer precludes rejection of the goods accepted and if made with knowledge of a non-conformity cannot be revoked because of it unless the acceptance was on the reasonable assumption that the non-conformity would be seasonably cured but acceptance does not of itself impair any other remedy provided by this Article for non-conformity.

(3) Where a tender has been accepted

(a) the buyer must within a reasonable time after he discovers or should have discovered any breach *notify the seller of breach* or be barred from any remedy; * * *." (Emphasis supplied.)

Wooten's brief argues that if we apply the above statute here it will produce an unjust and harsh result.

We disagree. Section 2–714(1) of Title 12A O.S.1961 (Uniform Commercial Code) provides:

"(1) Where the buyer has accepted goods and given notification (subsection (3) of Section 2–607) he may recover as damages for any non-conformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable."

Certainly if Wooten, when he decided finally to not continue using the equipment, had within a reasonable time notified Motorola of his decision and of his contentions, which he finally made in this litigation, and Motorola had done nothing in response thereto, a totally different situation would have been presented to the trial court and to this court.

We find no error in the judgment of the trial court and that judgment is hereby affirmed.

DAVISON, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON, IRWIN, HODGES, and McINERNEY, JJ., concur.